**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JENNIFER COSTA, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>KERZNER INTERNATIONAL RESORTS, INC., KERZNER INTERNATIONAL NORTH AMERICA, INC., KERZNER INTERNATIONAL MARKETING, INC., AND PIV INC., D/B/A DESTINATION ATLANTIS,<br><br>　　　　　　　Defendants. | CIVIL CASE NO. _____<br><br><br><br>**COMPLAINT -- CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, on behalf of herself and all others similarly situated, based on personal knowledge as to her own actions, and on information and belief as to the actions of others, alleges the following against Defendants Kerzner International Resorts, Inc., Kerzner International North America, Inc., Kerzner International Marketing, Inc., and PIV Inc., d/b/a Destination Atlantis (collectively "Kerzner" or "Defendants"):

**NATURE OF ACTION**

1.　　In the face of shrinking revenues and eroding profits in the current economic climate, hotels and resorts have turned to the unscrupulous practice of imposing additional fees and surcharges on consumers designed to appear as innocent expenses. One such charge is the Kerzner Defendants' imposition of a "mandatory housekeeping gratuity" ("Mandatory Housekeeping Gratuity").

2. The imposition of the Mandatory Housekeeping Gratuity is an unfair and deceptive practice because it is not a "gratuity." By using that term, Kerzner represents and implies that the entire fee is being collected on behalf of, and subsequently distributed to, the housekeeping staff that services travelers' rooms. However, Kerzner does not disclose the material fact that the housekeeping staff receives only a small, if any, percentage of that "gratuity," the majority (or balance) of which Kerzner keeps for itself. By labeling an additional charge something that it is not, Kerzner is deceiving consumers into paying more for their hotel room than they bargained.

3. Plaintiff brings this action on behalf of a nationwide class of all similarly situated individuals who stayed at an Atlantis Resort, including but not limited to Atlantis, Atlantis Hotel & Casino, The Cove Atlantis, the Beach and Coral Towers, the Royal Towers, and The Reef (collectively "Atlantis") between March 28, 2007 and the present and who paid the Mandatory Housekeeping Gratuity in the United States in advance of their Atlantis stay.

4. Plaintiff has suffered actual damages and economic losses as a direct result of Defendants' wrongful acts. Plaintiff, on behalf of herself and the proposed Class, hereby seeks damages and other relief the Court deems just and proper.

**PARTIES**

5. Plaintiff Jennifer Costa is an individual residing in Mount Vernon, New York. Plaintiff paid for a four nights stay at Atlantis from August 27, 2010 through September 2, 2010, and was charged and pre-paid a Mandatory Housekeeping Gratuity.

6. Defendant Kerzner International Resorts, Inc. is a Florida corporation

having its principle place of business at 1000 South Pine Island Road, Plantation, Florida.  The principal function of Kerzner International Resorts, Inc. is to act as the general sales and marketing agent for Atlantis resorts.  Kerzner International Resorts, Inc.'s sole role is to market and sell Atlantis packages and accommodations within the United States, including with regard to pre-paid bookings and sales of Atlantis accommodations to United States residents and the advertising, imposition and payment of the Mandatory Housekeeping Gratuity.  Kerzner International Resorts, Inc. also operates an internet website from Florida through which a significant percentage of United States travelers book and pre-pay Atlantis accommodations, including the Mandatory Housekeeping Gratuity.  All transactions made with, and all services provided by, Kerzner International Resorts, Inc. occur in the United States.

7. Defendant Kerzner International North America, Inc., a Delaware corporation, is the parent corporation of Kerzner International Resorts, Inc., with its principal place of business at 1000 South Pine Island Road, Plantation, Florida. Kerzner International North America, Inc. provides marketing, reservations and accounting services for Atlantis, including with regard to pre-paid bookings and sales of Atlantis accommodations to United States residents and the advertising, imposition and payment of the Mandatory Housekeeping Gratuity.  All transactions made with, and all services provided by, Kerzner International North America, Inc. occur in the United States.

8. Kerzner International Marketing, Inc. is a Florida corporation with offices at 1000 South Pine Island Road, Plantation, Florida.  Kerzner International Marketing, Inc. engages in the solicitation and arrangement of travel for customers and guests of

3

Atlantis, including with regard to pre-paid bookings and sales of Atlantis accommodations to United States residents and the advertising, imposition and payment of the Mandatory Housekeeping Gratuity.  All transactions made with, and all services provided by, Kerzner International Marketing, Inc. occur in the United States.

9. Defendant PIV Inc., d/b/a Destination Atlantis is a Florida Corporation with offices located at 1000 South Pine Island Road, Plantation, Florida.  PIV Inc. provides travel arrangements and services for persons throughout the United States wishing to visit Atlantis, including with regard to pre-paid bookings and sales of Atlantis accommodations to United States residents and the advertising, imposition and payment of the Mandatory Housekeeping Gratuity.  All transactions made with, and all services provided by, PIV Inc. occur in the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from Defendants; there are more than 100 Class members nationwide; and the aggregate amount in controversy exceeds $5,000,000.

11. This Court has personal jurisdiction over the parties because Defendants are Florida corporations that conduct substantial business in this State.

12. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred within this District, Defendants have caused harm to Class members residing within this District, and Kerzner maintains its corporate headquarters in this District.

**CHOICE OF LAW**

13.     Florida law governs the state law claims asserted herein by Plaintiff and the Class Members.

14.     Defendants' acts and omissions discussed herein were orchestrated and implemented in Florida.

15.     Florida has a substantial interest in protecting the rights and interests of Florida and other U.S. residents against wrongdoing by companies operating in Florida, which interest is greater than that of any other State or country.

16.     Application of Florida law with respect to Plaintiff and the Class Members' claims is neither arbitrary nor fundamentally unfair because Florida has significant contacts and a significant aggregation of contacts that give Florida a substantial interest in the claims of the Plaintiff and the Nationwide Class.

**FACTUAL ALLEGATIONS**

17.     One of the largest resorts in the world, Atlantis in the Bahamas has thousands of rooms and, as the second largest employer in the Bahamas, has more than 10,000 employees.  Many of those employees provide housekeeping services for Atlantis hotel guests.

18.     Consumers understand and expect that the cost of travel includes incidental expenses such as a gratuity for service, including a tip for the housekeeper who cleans and makes up a travelers' hotel room every day.  It is a widely recognized practice, including in the Bahamas, for travelers to tip housekeepers either by leaving cash in the room upon check out or by handing the tip directly to the housekeeper.  It is also universally understood that a tip for housekeepers is not part of their salary, but is

instead an expression of gratitude for a job well done.

19.     Kerzner is well aware of this custom, and the fact that consumers are wary of hidden fees.  In order to deflect consumers' frustration with additional fees, Kerzner deceives travelers into thinking that when they pay the Mandatory Housekeeping Gratuity, a charge levied on every consumer who stays at Atlantis, the entire "gratuity" is being collected for the housekeeper who provided them personal service and is subsequently distributed to the staff.

20.     Thus, on its website, www.atlantis.com, Kerzner uniformly represents that "guests will be required to pay a mandatory housekeeping gratuity."  Kerzner makes this same uniform representation in nationally distributed print advertisements, in emails sent to prospective customers, and by other means.

21.     Whether booked through a travel agent or service, Destination Atlantis, or www.atlantis.com, Kerzner or its agents inform and represent to consumers booking travel to Atlantis that the cost for their stay includes a Mandatory Housekeeping Gratuity.  Many travelers are required to pre-pay for their Atlantis stay, including the Mandatory Housekeeping Gratuity, and they do so by entering into a contract with Kerzner International Resorts, Inc. and PIV, Inc.  In exchange for accommodations and the provision of a gratuity to Atlantis housekeepers, these consumers pay Kerzner in advance of their visit.  This entire transaction occurs in the United States between consumers and Kerzner entities that are residents of the United States; it is not an event occurring in the Bahamas.

22.     The charge being collected by Kerzner is not a "gratuity" because the majority, if not all, of the Mandatory Housekeeping Gratuity is being kept for itself and

not distributed to the housekeeping staff.  As a result, consumers are deceived into paying a "gratuity," the majority of which is actually a hidden, additional fee to the cost of their room.

23.     Kerzner has actual knowledge that it charges a Mandatory Housekeeping Gratuity that is not in fact a gratuity, and Kerzner knows that telling consumers that it is collecting a gratuity when it simply pockets most of the money is wrongful and in disregard for the rights of its customers.  Kerzner also knows that its unfair and deceitful conduct will immediately and directly result in damage to Plaintiff and Class members; yet despite that knowledge, Kerzner continues to callously impose and collect the Mandatory Housekeeping Gratuity.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all other similarly situated persons.  The Class is defined as follows: **All persons in the United States and its territories who stayed at an Atlantis resort and who pre-paid, on or after March 28, 2007, a mandatory housekeeping gratuity in advance of their stay at Atlantis.**

25.     Excluded from the class are Defendants, their subsidiaries and affiliates, as well as Defendants' executives, board members, and immediate families.  Also excluded are all governmental entities and any judicial officers assigned to hear any aspect of this case.  Also excluded are any consumers that paid the Mandatory Housekeeping Gratuity while physically present in the Bahamas.

26.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues.

27. <u>Numerosity</u>.  The proposed Class is sufficiently numerous, as hundreds of thousands of U.S. consumers, at least, have stayed at Atlantis during the class period and have pre-paid the Mandatory Housekeeping Gratuity.  The members of the Class are so numerous and dispersed throughout the United States that joinder of all members is impracticable.

28. <u>Common Questions of Fact and Law</u>.  Common questions of fact and law exist as to all members of the Class.  Common questions of fact and law include:

   a. Whether Defendants' representation that the Mandatory Housekeeping Gratuity was a gratuity was false and deceptive;

   b. Whether Defendants' imposition of the Mandatory Housekeeping Gratuity that is not remitted to housekeepers is an unfair and deceptive trade practice;

   c. Whether Defendants' advertisement and representation that they imposed a Mandatory Housekeeping Gratuity that is not in fact a gratuity was false and misleading;

   d. Whether Defendants' conduct violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Fla. Stat. §§ 501.201 *et. seq.*);

   e. Whether Defendants were unjustly enriched at Plaintiff's and the Class' expense;

   f. Whether Defendants breached their contract with Plaintiff and other Class members by failing to provide the entire amount charged under the Mandatory Housekeeping Gratuity to Atlantis housekeepers and improperly raising the effective cost of the room.

    g. Whether Plaintiff and the members of the Class sustained damage and ascertainable loss as a result of Defendants' conduct as alleged herein;

    h. The amount of relief to which the Class is entitled; and

    i. The amount of attorneys' fees, prejudgment interest, and costs of suit to which the Class is entitled.

29. <u>Predominance</u>.  The common questions of fact and law identified in the preceding paragraph predominate over any questions affecting solely individual members of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(3), pursuant to which this suit is properly maintained as a class action.

30. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of Class members because Plaintiff and the Class sustained damages arising out of the Defendants' wrongful conduct as detailed herein.  Specifically, Plaintiff and Class members' claims arise from the false advertisement and representation that the Mandatory Housekeeping Gratuity is a gratuity and from the imposition of the Mandatory Housekeeping Gratuity.

31. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action lawsuits.  Plaintiff has no interests antagonistic to or in conflict with those of Class members and therefore will be adequate as a representative for the Class.

32. <u>Superiority</u>.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable.  Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will be no difficulty in the management of this action as a

class action.

## CAUSES OF ACTION

### COUNT I
### Florida Deceptive and Unfair Trade Practices Act
### (Fla. Stat. §§ 501.201 *et. seq.*)

33.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

34.     Defendants' acts and omissions, as alleged herein, violate the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et. seq.*, ("FDUTPA") which proscribes the use of unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce.

35.     Defendants' uniform practice of representing that a Mandatory Housekeeping Gratuity is a gratuity when it is not is an unfair and deceptive act and practice.

36.     That practice caused Plaintiff and the Class actual economic loss because they reasonably expected that in paying the Mandatory Housekeeping Gratuity, they were paying the entire gratuity to the housekeeping staff when they were not. A consumer acting reasonably in the same circumstances as Plaintiff would be deceived into believing that the Mandatory Housekeeping Gratuity is given to the housekeeper as a gratuity.

37.     Atlantis is able to charge an additional fee for its rooms, above what it could charge but for its deceptive and unfair practice, because consumers believe that the Mandatory Housekeeping Gratuity is given to housekeepers. Moreover, the amount the Plaintiff and Class members paid for their Atlantis rooms was more than those

rooms were worth because the cost included a Mandatory Gratuity Charge that was not given to the housekeeping staff even though Defendants represented that it would be given to the housekeeping staff.

38. In failing to disclose that the Mandatory Housekeeping Gratuity is not paid to housekeepers, Defendants have knowingly and intentionally concealed material facts and breached their duty not to do so.

39. Plaintiff, on behalf of herself and all other similarly situated, demands judgment against Defendants under the FDUTPA for actual damages and for injunctive relief enjoining Defendants from continuing to engage, use, or employ any act, including advertisements or other representations, prohibited by FDUTPA.

## COUNT II
## Unjust Enrichment

40. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

41. Plaintiff and the Class have conferred benefits on Defendants by paying the Mandatory Housekeeping Gratuity.  Defendants knowingly and willingly accepted monetary benefits from Plaintiff and the Class under the guise of providing the Mandatory Housekeeping Gratuity to the housekeepers, which they did not.

42. Under the circumstances described herein, it is inequitable for Defendants to retain the full monetary benefit at the expenses of Plaintiff and the Class.

43. By engaging in the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and the Class and are required, in equity and good conscience, to compensate Plaintiff and the Class for harm suffered as a result of its actions.

44. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Defendants of the benefit conferred by Plaintiff and the Class.

## COUNT III
### Breach Of Contract

45. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

46. Plaintiff and the other Class members entered into a contract with Defendants whereby Defendants represented that the price of the room in which its guests would stay included a gratuity to be provided to housekeepers.  In breach of that agreement, Defendants raised the price of the room by imposing a Mandatory Housekeeping Gratuity which was not distributed to Atlantis housekeepers.

47. Plaintiff and the Class members have fulfilled their obligation under that contract by paying the Mandatory Housekeeping Gratuity and for their Atlantis accommodation.  Plaintiff and Class members were not required to fulfill any conditions precedent to Kerzner's payment of the gratuity to Atlantis housekeepers.

48. Despite the full performance by Plaintiff and other Class Members, Kerzner has failed to provide housekeepers with the gratuity paid by Plaintiff and other Class Members, thereby raising the costs of the room and materially breaching its contract with Plaintiff and other Class members, which has resulted in harm to Plaintiff and other Class Members who cannot obtain the benefit of their bargain.

49. By reason of the foregoing, Defendants have breached the parties' contract and are liable to Plaintiff and the other members of the Class.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and all others similarly situated, requests that the Court enter judgment against Defendants, as follows:

1. An order certifying the proposed Class, designating Plaintiff as the named representatives of the Class, and designating the undersigned as Class Counsel;

2. An award to Plaintiff and the Class of compensatory, punitive and statutory damages, including interest thereon, in an amount to be proven at trial;

3. An injunction enjoining Defendants from continuing to engage, use, or employ any act, including advertisements or other representations, prohibited by FDUTPA.

4. An order requiring the restitution and restitutionary disgorgement to the Class in the amount of the "mandatory housekeeping gratuity" unlawfully obtained by Defendants;

5. An award of attorneys' fees and costs, as allowed by law;

6. An award of pre-judgment and post-judgment interest, as provided by law;

7. For leave to amend the Complaint to conform to the evidence produced at trial; and

8. Such other or further relief as may be appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury of any and all issues in this action so triable.

Dated: March 28, 2011  Respectfully submitted,

By: /s Kevin B. Love
Kevin B. Love
Florida Bar No. 993948
**CRIDEN & LOVE, P.A**.
7301 S.W. 57TH Court, Suite 515
South Miami, Florida 33143
Tel: (305) 357-9000
Fax: (305) 357-9050
klove@cridenlove.com

**MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ, P.C.**
Jeffrey I. Carton (*pro hac vice application to be filed*)
D. Greg Blankinship (*pro hac vice application to be filed*)
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055
Emails: jcarton@mdpcelaw.com
        gblankinship@mdpcelaw.com

00237056-2