UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60663-CV-COHN

JENNIFER COSTA, on behalf of herself and
others similarly situated,

Magistrate Judge Seltzer

      Plaintiff,

vs.

KERZNER INTERNATIONAL RESORTS, INC.,
KERZNER INTERNATIONAL NORTH AMERICA, INC.,
KERZNER INTERNATIONAL MARKETING, INC.,
and PIV INC., d/b/a DESTINATION ATLANTIS,

      Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon Defendants' Motion Preserving Defendants' Right to Request Modification of Trial Date [DE 19], Defendants' Motion to Dismiss Plaintiff's Complaint [DE 23], Plaintiff's Opposition to Defendants' Motion to Dismiss [DE 25], and Defendants' Reply [DE 26]. The Court has carefully considered the motion, response, and reply and is otherwise fully advised in the premises. The motion to dismiss became ripe on June 6, 2011.

### I. BACKGROUND

Plaintiff Jennifer Costa ("Plaintiff") filed this action against the four named Defendants, all related entities responsible for the sales, marketing, reservations, accounting, solicitation, or travel arrangements for persons throughout the United States to visit and stay overnight at the Atlantis resort in the Bahamas. The Complaint alleges that Kerzner International Resorts and Kerzner International North America have their principal place of business in Florida, while Kerzner International Marketing and PIV, Inc.

are Florida corporations (collectively, "Defendants"). Complaint ¶¶ 6-9. Plaintiff resides in New York and presumably is a citizen of New York State. Id. ¶ 5. The Court has diversity jurisdiction to hear this action.

The Complaint alleges that the Defendants engage in an unfair and deceptive act or practice by charging a "mandatory housekeeping gratuity" to consumers but not paying all of that "gratuity" to the housekeeping staff. Id. ¶¶ 2, 22, 38. Plaintiff alleges that she was injured because she paid more for her room charge than the room was worth because the cost included a "gratuity" charge that was not given to the housekeeping staff despite Defendants' representation. Id. ¶ 37. Plaintiff pre-paid her charges to the Defendants from New York, including the mandatory housekeeping gratuity. Id. ¶ 5. Based upon that conduct, Plaintiff's Complaint alleges a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count I), unjust enrichment (Count II), and breach of contract (Count III). Defendants have moved to dismiss the Complaint in its entirety.[1]

---

[1] In making their argument, Defendants request that this Court review all of the Terms and Conditions governing Plaintiff's stay at the Atlantis resort. Affidavit of Rick Scott, Exhibits A and B [DE 23-2 and 23-3]. These terms include that "guests will be required to pay a **mandatory housekeeping gratuity and utility service fee** of (i) up to $22.95 per person per day for Atlantis guests. . . ." Scott Affidavit, Exhibit A at p. 3 of 14 [DE 23-2] (emphasis added) (hereinafter, the "Funds"). The Court may consider documents referred to by a plaintiff in a complaint which are central to the plaintiff's claim and undisputed as to authenticity for purposes of a motion to dismiss without conversion of the motion to dismiss into a motion for summary judgment. SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Maxcess, Inc. v. Lucent Techs, Inc., 433 F.3d 1337, 1340, n.3 (11th Cir. 2005). Plaintiff has not contested the authenticity of the Terms & Conditions to the reservation contract.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court stated that a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B.  Standing

Defendants move to dismiss all of Plaintiff's claims for lack of standing.  The United States Supreme Court has laid out the elements necessary for a plaintiff to satisfy the standing requirement.  A plaintiff must show that (1) she has suffered an injury in fact; (2) the injury was causally connected to Defendants' action; and (3) it "must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by

a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).  In the present action, Defendants contend that Plaintiff cannot allege she suffered an injury because she paid mandatory charges beyond the room rate that were disclosed to her in advance.  Defendants argue that the distribution of those charges within the hotel's operating structure had no impact on the amount disclosed and charged to Plaintiff.

The injury for purposes of standing is the potential portion of the Funds that are not forwarded to the housekeeping staff as a gratuity **or** paid for the utility fee, because it is money a consumer pays that it might not otherwise pay.  Defendants, however, argue that causation cannot be shown because it has not provided an itemization of which portion goes to the housekeeping staff, and because the housekeeping gratuity is described only in combination with the utility service fee.  The Court ,as set forth in further detail below, agrees.

### C.  Pleading Fraud with Particularity

Defendants contend that the FDUTPA claim should be dismissed because Plaintiff has failed to plead fraud with particularity under Fed. R. Civ. P. 9(b).  The Court notes that a split of authority exists among federal district courts as to whether FDUTPA claims are subject to the heightened pleading requirement for fraud claims.  However, Florida state courts have stated that FDUTPA claims are "a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."  State of Fla., Office of Atty. Gen., Dept. of Legal

4

Affairs v. Wyndham Int'l, Inc., 869 So. 2d 592, 598 (Fla. Dist. Ct. App. 2004); State of Fla., Office of Atty. Gen., Dept. of Legal Affairs v. Tenet, 420 F. Supp. 2d 1288, 1310-11 (S.D. Fla. 2005); Davis v. Powertel, Inc., 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000) ("[T]he plaintiff need not prove the elements of fraud to sustain an action under the statute."). This Court therefore concludes that a FDUTPA plaintiff need not meet the Rule 9(b) pleading standard for fraud claims.

### D.  FDUTPA Claim Stated

The elements of a FDUTPA action consist of 1) a deceptive or unfair practice; 2) causation; and 3) damages. KC Leisure, Inc. v. Haber, 972 So. 2d 1069, 1073 (Fla. Dist. Ct. App. 2008). Defendants contend that Plaintiff has failed to plead a material misrepresentation because its statement regarding the combined "mandatory housekeeping gratuity and utility service fee" of "up to" various amounts "would not have provided a reasonable person with any belief as to the amount of such charges that would be distributed to housekeeping staff." Motion at 10. Therefore, Defendants argue, nothing was misrepresented or deceptive. The Court agrees. Plaintiff never alleges that some of the Funds went to something other than the housekeeping staff or the utility service fee. Stated differently, Plaintiff's Complaint is predicated on the notion that **all** of the Funds should go to housekeeping staff. The parties' agreement, however, provides that the Funds are to pay a "mandatory housekeeping gratuity and utility service fee." Plaintiff, therefore, could not reasonably expect all of the Funds to

be for a gratuity, and has fallen just short of stating a claim.[2]

### E.  Choice of Law Analysis

Defendants assert that Plaintiff cannot maintain her FDUTPA claim because the most significant relationship with regard to the claim is New York, not Florida.  This Court in Berry, 497 F. Supp. 2d at 1365, stated the relevant test:

---

[2]  To guide the parties going forward, the Court notes that it rejects Defendants' argument that a deceptive practice could not be pled under these facts.  In Latman v. Costa Cruise Lines, N.V., 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 2000), a Florida court concluded that the term "port charges" on a bill for a cruise would "necessarily constitute a representation to a reasonable consumer that these are 'pass-through' charges which the cruise line will pay to the relevant port authorities."  758 So. 2d at 703.  These payments could be to other third persons, in addition to governmental or quasi-governmental entities.  Id., n.3.  Defendants' attempt to distinguish Latman on the basis that the "port charges" at issue were intended to be paid to a government entity is a distinction without a difference for purposes of whether a deception occurred.  This Court's decision in Berry v. Budget Rent a Car Sys., Inc., 497 F. Supp. 2d 1361, 1367 (S.D. Fla. 2007), is in accord with this reasoning as the Court stated that: "in Latman, it was not the excess amount of the fee that was deceptive, but rather the fact that the company charged what appeared to be a pass-through fee for a **third-party**, but retained a portion for itself." (emphasis added).

This Court in Berry granted a motion to dismiss a FDUTPA claim involving a "cost recovery fee" imposed by a rental car company for alleged costs associated with licensing and registering its fleet of vehicles.  497 F. Supp. 2d at 1364.  The Court concluded that the "cost recovery fee" in Berry implied that the company will keep the money collected.  That practice was not deceptive because there were no allegations that the fee was analogous to a pass-through charge.  Id. at 1367.  By contrast, in the present action, Plaintiff alleges that Defendants keep a portion of the housekeeping gratuity for itself.  The use of the term "gratuity" in the present action, as opposed to "fee" or "service charge," would lead a reasonable consumer to believe that those funds are a pass-through to the housekeeping staff, just as the "port charges" in Latman.  The fact that Defendants have not disclosed the specific amounts of "housekeeping gratuity" and "utility service fee" does not immunize their conduct under FDUTPA.  However, as noted above, Plaintiff has failed to allege that some of the Funds went to neither the housekeeping staff nor toward the utility service fee.

> A federal court sitting in diversity must look to the choice of law rules of the forum state when determining which law should apply to a claim. <u>Trumpet Vine Investments v. Union Capital Partners</u>, 92 F.3d 1110, 1115 (11th Cir.1996) (citing <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941)). Florida applies the "most significant relationship" test in determining choice of law, as articulated in the Restatement (Second) of Conflict of Laws. <u>Trumpet Vine Investments</u>, 92 F.3d at 1115-16. The general choice of law principle under the Restatement for torts provides that the Court take into account the following contacts: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145 (1971).

Defendants contend that the alleged injury to Plaintiff occurred in New York, where she was when she booked her stay at Atlantis and was charged the mandatory housekeeping gratuity. While they concede that Plaintiffs allege that the place where Defendants' conduct took place was in Florida, Defendants argue that Plaintiff is a resident of New York, Defendants are residents of either Delaware or Florida, and the relationship of the parties is centered in the Bahamas (location of Atlantis resort) or New York (where Plaintiff entered into the agreement and paid for the charges). Defendants rely upon <u>Hutson v. Rexall Sundown, Inc.</u>, 837 So. 2d 1090, 1094 (Fla. Dist. Ct. App. 2003), for the proposition that where deceptive marketing representations are alleged, "the alleged wrong was committed, and the damage done, at the site of the sale of appellees' purchases." However, the <u>Hutson</u> case involved "labelling and point of purchase advertising" of nutritional supplements, meaning purchases were made at individual stores located throughout the country. This Court reached a similar conclusion in <u>Berry</u>. 497 F. Supp. 2d at 1365 ("[T]he Defendant made, and Plaintiffs received, the alleged misrepresentations at each individual Budget

7

rental center when Plaintiffs rented the vehicles."). However, as Plaintiff argues in the present action, in an earlier "port charge" action similar to Latman, Renaissance Cruises, Inc. v. Glassman, 738 So. 2d 436, 439 (Fla. Dist. Ct. App. 1999), a Florida court held that because the port charges were paid out of Fort Lauderdale, any overages were kept by the Defendants in Fort Lauderdale, and the marketing and contract information originated in Broward County, that the significant relationship test supported the application of FDUTPA to non-Florida claimants. While in their reply Defendants attack the Glassman decision as lacking any detailed reasoning, this Court concludes that it is the closest Florida decision on point to the FDUTPA choice of law determination.

Though Plaintiff's injury occurred in New York where she prepaid for her stay at the Atlantis resort, the conduct of imposing a "mandatory housekeeping gratuity" which caused the injury allegedly took place in Florida, the principal place of business of all Defendants. While Plaintiff is domiciled in New York, for jurisdictional purposes Defendant corporations are considered citizens of Florida under 28 U.S.C. § 1332(c)(1), since all are either incorporated here or have their principal place of business in Florida. An action based upon deceptive representations made on a centralized website or reservation call center, as opposed to the Berry and Hutson fact patterns of myraid rental counter or store locations, should give greater weight to the Defendants' location as opposed to the place of injury. Cohen v. Implant Innovations, Inc., 259 F.R.D. 617, 635 (S.D. Fla. 2008) (citing Restatement (Second) of Conflict of Laws § 145 (1971)). The Court therefore concludes that Florida law applies to this action.

### F.  Unjust Enrichment and Breach of Contract Claims

Defendants contend that because there is an express contract (the Terms and Conditions) between the parties that neither side disputes, a claim for unjust enrichment arising out of the contractual relationship cannot exist.  Berry, 497 F. Supp. 2d at 1369.  Plaintiff counters that she can maintain such a claim in the alternative, arguing that Defendants have not conceded that the room rate is part of the agreement between the parties beyond the Terms and Conditions.  The Court agrees here with Defendants.  The parties executed an express contract for Plaintiff to rent a room at the Atlantis resort.  Plaintiff's unjust enrichment claim arises out of that contract, and therefore is precluded under Florida law.  Id. (citing Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., 695 So. 2d 383, 390 (Fla. Dist. Ct. App. 1997) and ThunderWave v. Carnival Corp., 954 F. Supp. 1562, 1566 (S.D. Fla. 1997)).

Defendants also seek to dismiss Plaintiff's breach of contract claim.  The elements of a breach of contract action under Florida law are 1) a valid contract; 2) a material breach; and 3) damages.  J.J. Gumberg Co. v. Janis Servs., Inc., 847 So. 2d 1048, 1049 (Fla. Dist. Ct. App. 2003).  Defendants contend that Plaintiff cannot allege a breach nor allege damages because the contract does not require Defendants to distribute the entirety of the Funds to their employees.

Notwithstanding, Plaintiff asserts that the contract contained an agreed upon room rate, plus a "mandatory housekeeping gratuity."  Plaintiff states that the plain meaning of those words would lead one to believe that the Funds collected for that purpose would be paid to housekeeping employees – yet Plaintiff alleges that the agreement was breached and Defendants kept some of those Funds, essentially

charging a higher room rate than that contained in the contract.  As discussed above, the Court would agree with Plaintiff if she alleged that some of the money collected for the "mandatory housekeeping gratuity and utility service fee" went to neither the housekeeping staff nor to pay the utility service fee.[3]  Absent that allegation, Plaintiff has failed to state that Defendants breached the agreement.

### III.  CONCLUSION

In addition to the above legal conclusions regarding whether Plaintiff has sufficiently stated her claims, the Court cannot ignore Plaintiff's violation of Fed. R. Civ. P. 8 and 10 regarding pleadings.  Plaintiff has incorporated all previous paragraphs into each of her three claims, thereby violating the one claim per count rule.  Complaint, ¶¶ 33, 40, and 45.  Plaintiff must correct this pleading deficiency before the case can proceed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion Preserving Defendants' Right to Request Modification of Trial Date [DE 19] is hereby **DENIED, without prejudice**;

2. Defendants' Motion to Dismiss Plaintiff's Complaint [DE 23] is hereby **GRANTED, with prejudice** as to Count II and **without prejudice** as to Counts I and III;

3. By July 7, 2011, Plaintiff may file an Amended Complaint that comports with this

---

[3] Though as noted in the FDUTPA discussion, if the word "gratuity" was changed to "fee" or "charge," then Plaintiff would not be able to maintain a claim for breach of contract.

Order. Defendants' response shall be due 14 calendar days after the filing of an Amended Complaint;

4. Failure to file an Amended Complaint by this date shall result in the closing of the case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of June, 2011.

_____
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF