# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JENNIFER COSTA, on behalf of herself and
all others similarly situated,

               Plaintiff,

   v.

KERZNER INTERNATIONAL RESORTS,
INC., KERZNER INTERNATIONAL
NORTH AMERICA, INC., KERZNER
INTERNATIONAL MARKETING, INC.,
AND PIV INC., D/B/A DESTINATION
ATLANTIS,

               Defendants.

CASE NO. 0:11-cv-60663-KMW

## PLAINTIFF'S MOTION AND INCORPORATED
## <u>MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL</u>

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...........................................................................................................................5

     I.      Documents And Information Possessed By Affiliated
            Corporations May Be Within A Defendant's Control .............................................5

     II.     Defendants Should Be Compelled To Produce Documents And
            Information Possessed By Their Sister Companies Kerzner
            Bahamas And Island Hotel ......................................................................................8

            A.     Kerzner Bahamas And Island Hotel Are Intimately
                    Connected To Defendants In A Unified Corporate
                    Structure ....................................................................................8

            B.     Kerzner Bahamas And Island Hotel Are Directly Connected
                    To The Transactions At Issue And Exchange Documents With
                    Defendants In The Ordinary Course Of Business....................... 12

     III.    Defendants Should Be Compelled To Produce Documents And
             Information Held By Kerzner International .............................................................14

     IV.    The Court Should Award Expense-Shifting Sanctions............................................16

CONCLUSION .......................................................................................................................16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                       **Page**

Alcan Int'l Ltd. v. S.A. Day Mfg. Co.,
    176 F.R.D. 75 (W.D.N.Y. 1996) ...................................................................... 10, 13

Alimenta (U.S.A.), Inc. v. Anheuser-Busch Companies, Inc.,
    99 F.R.D. 309 (N.D. Ga. 1983) ............................................................................ 8

Appleton Papers Inc. v. George A. Whiting Paper Co.,
    No. 08-16, 2009 WL 2408898 (E.D. Wis. July 31, 2009) ...................................... 10

Bank of Mongolia v. M & P Global Financial Serv., Inc.,
    258 F.R.D. 514 (S.D. Fla. 2009) .......................................................................... 16

Brunswick Corp. v. Suzuki Motor Co., Ltd.,
    96 F.R.D. 684 (E.D. Wis. 1983) ............................................................................ 6

Cooper Indus., Inc. v. British Aerospace, Inc.,
    102 F.R.D. 918 (S.D.N.Y. 1984) ...................................................................... 13, 15

Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.,
    No. 09-599, 2010 WL 4853891 (M.D. Fla. Nov. 22, 2010) .................................. 5, 6

Devaney v. Continental Am. Ins. Co.,
    989 F.2d 1154 (11th Cir. 1993) ............................................................................ 16

Evenflo Co., Inc. v. Hantec Agents Ltd.,
    No. 05-346, 2006 WL 1580221 (S.D. Ohio June 5, 2006) ...................................... 6

Ferber v. Sharp Electronics Corp.,
    40 Fed. R. Serv. 2d 950 (S.D.N.Y. 1984) .......................................................... 6, 14

Flavel v. Svedala Indus., Inc.,
    No. 92-1095, 1993 WL 580831 (E.D. Wis. Dec. 13, 1993) .................................... 14

Gober v. City of Leesburg,
    197 F.R.D. 519 (M.D. Fla. 2000) ........................................................................ 16

Green v. Baca,
    225 F.R.D. 612 (C.D. Cal. 2005) ........................................................................ 16

Hawkins v. Fulton County,
    96 F.R.D. 416 (N.D. Ga. 1982) ............................................................................ 15

ii

# TABLE OF AUTHORITIES
### (Cont'd)

**Cases**                                                                                                           **Page**

In re Subpoena Duces Tecum to Ingeteam, Inc.,
    No. 11-36, 2011 WL 3608407 (E.D. Wis. Aug. 16, 2011) ...................................................... 14

In re Uranium Antitrust Litigation,
    480 F. Supp. 1138 (N.D. Ill. 1979) ................................................................................. 15

Jans ex rel. Jans v. The GAP Stores, Inc.,
    No. 05-1534, 2006 WL 2691800 (M.D. Fla. Sept. 20, 2006) .......................................... 5

Marks v. Alfa Group,
    615 F. Supp. 2d 375 (E.D. Pa. 2009) ............................................................................. 16

Mt. Hawley Ins. Co. v. Felman Prod., Inc.,
    269 F.R.D. 609 (S.D. W.Va. 2010) ................................................................................. 7

Perez v. Miami-Dade County,
    297 F.3d 1255 (11th Cir. 2002) ...................................................................................... 5

Perini America, Inc. v. Paper Converting Machine Company,
    559 F. Supp. 552 (E.D. Wis. 1983) ................................................................................ 8

Searock v. Stripling,
    736 F.2d 650 (11th Cir. 1984) ........................................................................................ 5

Sol S. Turnoff Drug Distributors Inc. v. N.V. Nederlandsche Combinatie,
    55 F.R.D. 347 (E.D. Pa. 1972) ....................................................................................... 6

Steele Software Systems v. Dataquick,
    237 F.R.D. 561 (D. Md. 2006) ................................................................................ passim

Super Film of Am. v. UCB Films,
    219 F.R.D. 649 (D. Kan. 2004) ...................................................................................... 7

U & I Corp. v. Advanced Med. Design, Inc.,
    251 F.R.D. 667 (M.D. Fla. 2008) ................................................................................. 16

Uniden America Corp. v. Ericsson, Inc.,
    181 F.R.D. 302 (M.D.N.C. 1998) ........................................................................ 6, 8, 13

## <u>TABLE OF AUTHORITIES</u>
### (Cont'd)

**<u>Cases</u>**                                                                                **<u>Page</u>**

<u>Ward v. Estaleiro Itajai S/A</u>,
   541 F. Supp. 2d 1344 (S.D. Fla. 2008)..................................................................... 5

<u>Wilson v. Volkswagen of America, Inc.</u>,
   561 F.2d 494 (4th Cir. 1977)................................................................................ 6


**<u>Rules</u>**

Fed. R. Civ. P. 25 ................................................................................... 1, 2, 4, 5

Fed. R. Civ. P. 33 ...................................................................................... 1, 2, 6

Fed. R. Civ. P. 34 ................................................................................. 1, 2, 5, 6, 7

Fed. R. Civ. P. 37 ................................................................................. 1, 16, 17

Pursuant to Rules 33, 34 and 37 of the Federal Rules of Civil Procedure and Southern District of Florida Local Rules 7.1 and 26.1, Plaintiff Jennifer Costa hereby seeks an Order (1) compelling Defendants Kerzner International Resorts, Inc. ("Kerzner Resorts"), Kerzner International North America, Inc. ("Kerzner North America"), Kerzner International Marketing, Inc. ("Kerzner Marketing"), and PIV Inc., d/b/a Destination Atlantis ("PIV") to provide all documents responsive to each of Plaintiff's document requests (except Number 13) within thirty (30) days of the issuance of such Order that are in the possession, custody, or control of Defendants' affiliated corporations Kerzner International Limited ("Kerzner International"), Kerzner International Bahamas Limited ("Kerzner Bahamas") and Island Hotel Company Ltd. ("Island Hotel"); (2) compelling Defendants to supplement their responses to Plaintiff's Interrogatories Nos. 2, 3, 6, 7 and 10 with information in the possession of Defendants' affiliated corporations Kerzner International, Kerzner Bahamas and Island Hotel within thirty (30) days of the issuance of such Order; and (3) awarding Plaintiff, pursuant to Fed. R. Civ. P. 37, her expenses incurred in making this motion, including attorneys' fees.

## PRELIMINARY STATEMENT

This case is about the unfair and deceptive collection of the "mandatory housekeeping gratuity and utility service fee" that Defendants charged every class member in connection with their stay at the Atlantis Resort in the Bahamas. Plaintiff alleges that the imposition of this charge is unfair and deceptive because it is not entirely given to housekeepers as a "gratuity" or used to pay utilities, but is instead deceptively used for other undisclosed purposes. Amended Complaint ¶ 2 (D.E. No. 28). Judge Cohn has previously ruled that such an allegation states a meritorious claim under FDUPTA:

> [T]he Court notes that it rejects Defendants' argument that a deceptive practice
> could not be pled under these facts . . . The use of the term "gratuity" in the

present action, as opposed to "fee" or "service charge," would lead a reasonable consumer to believe that those funds are a pass-through to the housekeeping staff . . . that Defendants have not disclosed the specific amounts of "housekeeping gratuity" and "utility service fee" does not immunize their conduct under FDUTPA.

Order at 5-6 and n.2 (D.E. No. 27).

There are two aspects to the transaction at issue: one involves the collection of the "mandatory housekeeping gratuity and utility service fee" from hotel guests based on misrepresentations placed in nationwide advertising and in Defendants' Terms and Conditions, Complaint ¶¶ 19-20; the other concerns the distribution of those charges and fees. Defendants claim that, with respect to class members, the former takes place in the United States from Defendants' headquarters in Florida, yet because the latter is handled by its sister corporation, Island Hotel in the Bahamas, it has no duty to produce any information or documents concerning events in the Bahamas. Thus, Defendants object to all but a handful of Plaintiff's Interrogatories and Requests for Production on the basis that they call for documents and information allegedly not in their possession, custody, or control.[1]   In other words, Defendants hope that what happens in the Bahamas, stays in the Bahamas. However, Federal Rules of Civil Procedure 26, 33 and 34 preclude Defendants' attempts to hide the extent and scope of their misdeeds behind corporate formalities.

In fact, the entities that are responsible for the distribution of the "mandatory housekeeping gratuity and utility service fee" are Defendants' close corporate siblings with

---

[1]  On July 13, 2011, Plaintiff served her First Set of Requests for the Production of Documents and First Set of Interrogatories upon Defendants, and Defendants served their responses and objections on August 22, 2011 (attached to the Declaration of D. Greg Blankinship ("Blankinship Decl.") as Exhibits 1-8).  Plaintiff's counsel wrote Defendants' counsel on September 15, 2011 concerning, among other things, Defendants' objection to producing information and documents in the possession of Defendants' affiliates.  Plaintiff's counsel also met and conferred by telephone with Defendants' counsel on September 20, 2011, who has taken the position that Defendants do not have "control" over documents and information held by Kerzner International, Kerzner Bahamas or Island Hotel.  Blankinship Decl. ¶¶ 3-4.

whom they cooperate to complete the unfair and deceptive collection and distribution of these charges and fees.  Defendants and all of their corporate affiliates are owned by the Kerzner entities whose chairman and CEO is Sol Kerzner.  The parent is Kerzner International Holdings Limited ("Kerzner Holdings"), a privately held corporation whose primary business is running the resorts in the Bahamas, Dubai and elsewhere.  Kerzner International is a wholly owned subsidiary of Kerzner Holdings.  Kerzner International has two wholly owned subsidiaries (among others): Defendant Kerzner North America and Kerzner Bahamas.  These two subsidiaries (and their respective wholly-owned subsidiaries) each complete one half of the transactions at issue on behalf of Kerzner International.  Defendant Kerzner North America, through its subsidiary Defendant Kerzner Resorts, attracts customers from the United States, who enter into a contract with Kerzner Resorts' wholly owned subsidiary Defendant PIV by which customers pay for rooms and the "mandatory housekeeping gratuity and utility service fee."  In exchange, Defendant PIV promises to provide rooms and a gratuity for the housekeepers that service those rooms.  Complaint ¶ 21.  Kerzner Bahamas, through its wholly owned subsidiary Island Hotel, provides the services contracted for by Kerzner customers through PIV, including not only rooms, but utilities and the distribution of the housekeeping gratuity.  See Defendants' Responses to Plaintiff's Interrogatory No. 12 (Blankinship Decl. Exhibits 5 and 8 at pp. 19-20; Exhibit 6 and 7 at pp. 18-19).  Kerzner North America and Kerzner Bahamas, and their respective subsidiaries, all of whom are ultimately owned by Kerzner International, are thus intimately related not only by corporate structure but by the very deceptive transaction at issue here, namely the collection and distribution of the "mandatory housekeeping gratuity and utility service fee."

Yet Defendants assert the blanket objection that they have no obligation to collect information or documents from their sister corporations Kerzner Bahamas or Island Hotel, or their common parent Kerzner International, because that information is not in Defendants' "possession, custody, or control." Id. This Court need not countenance Defendants' attempt to hide the consequences of their deceptive actions behind the veil of corporate formality.  To the contrary, it is well settled that information and documents in the possession of a defendant's sister corporation or parent are deemed to be in that defendant's control for purposes of Rules 26, 33 and 34, particularly where, as here, the non-party affiliated corporations not only enjoy the benefits of the transaction at issue, but actively engage in ensuring its completion.

That the information Plaintiff seeks from Defendants is relevant to her claims is beyond peradventure.  In particular, Plaintiff seeks data and documentation identifying class members, showing how much of the "mandatory housekeeping gratuity and utility service fee" each class member paid was not distributed to housekeepers as a gratuity or used to pay for utility service fees, and documents reflecting the reason or basis for such distributions.  If Defendants are not made to produce these materials, Plaintiff will be forced to seek them by way of letters rogatory or other expensive and unfairly burdensome means by which she can obtain the discovery she requires from foreign corporations.  Having to do so will result in substantial delays and unnecessary costs to both parties.  Therefore, Plaintiff respectfully requests that this Court order Defendants to produce the requested information and documents.

The Court should also award Plaintiff reasonable expenses, including attorneys' fees, incurred in bringing this motion based on Defendants' improper refusal to produce responsive documents and information from Kerzner International, Kerzner Bahamas, and Island Hotel.

## ARGUMENT

**I.    Documents And Information Possessed
       By Affiliated Corporations May Be Within A Defendant's Control.**

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters."

Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002).  The Federal Rules of Civil

Procedure "favor . . . once-and-for-all litigation as to all issues [and] allow for broad discovery."

Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1353 (S.D. Fla. 2008).  "[D]iscovery in

federal court, as evidenced by Rule 26(b)(1), is aimed at the broad and liberal discovery of all

relevant facts to bring everything to light before the trier of fact." Id. at 1355.

Federal Rule of Civil Procedure 34(a) governs the production of documents in civil

matters.  Pursuant to Rule 34(a), a party must produce documents in response to a request for

production where those documents are "in the responding party's possession, custody, or

control[.]" Fed. R. Civ. P. 34(a)(1).  Whether documents are in a parties "control" under Rule 34

is broadly construed.  See, e.g., Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984); Jans ex

rel. Jans v. The GAP Stores, Inc., No. 05-1534, 2006 WL 2691800, at *2 (M.D. Fla. Sept. 20,

2006).  "Control" does not require that a party have legal ownership or actual physical

possession of the documents at issue; rather, documents are considered to be under a party's

control for discovery purposes when that party has the "right, authority, or practical ability to

obtain the materials sought on demand." Desoto Health & Rehab, L.L.C. v. Philadelphia Indem.

Ins. Co., No. 09-599, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010) (ordering production

of documents in possession of non-party); Steele Software Systems v. Dataquick, 237 F.R.D.

561, 564 (D. Md. 2006) (ordering production of documents in possession of affiliated

corporation).  Under this principle, discovery can be sought from one corporation regarding

materials that are in the physical possession of another, affiliated corporation.  See Desoto

5

Health, 2010 WL 4853891, at *3 (citing Evenflo Co., Inc. v. Hantec Agents Ltd., No. 05-346,

2006 WL 1580221, at *1 (S.D. Ohio June 5, 2006) (ordering the production of documents in the

possession of related companies)); see also Uniden America Corp. v. Ericsson, Inc., 181 F.R.D.

302, 305 (M.D.N.C. 1998) (compelling the defendant to obtain documents from non-party

foreign sister corporation).

 As with Rule 34, a Defendant must provide information in response to a Rule 33

interrogatory if such information is under its control.[2] See Ferber v. Sharp Electronics Corp., 40

Fed. R. Serv. 2d 950 (S.D.N.Y. 1984) ("[I]n response to interrogatories, a party is required only

to furnish such information as is 'available' to it . . . if a party can obtain the information from

sources under its control, it may not avoid answering by alleging ignorance.") (internal citation

and quotation omitted).  Indeed, it is well-established that Rules 33 and 34 are "equally inclusive

in their scope."  Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 513 (4th Cir. 1977).  As

such, the analysis compelling Defendants to respond to Plaintiff's interrogatories is the same as

that compelling Defendants to respond to Plaintiff's document requests.  See Sol S. Turnoff Drug

Distributors Inc. v. N.V. Nederlandsche Combinatie, 55 F.R.D. 347, 349 (E.D. Pa. 1972)

(corporation must respond to discovery on behalf of subsidiaries or predecessor corporations);

see also Brunswick Corp. v. Suzuki Motor Co., Ltd., 96 F.R.D. 684, 686 (E.D. Wis. 1983)

("Rule 33 requires that a corporation furnish such information as is available from the

corporation itself or from sources under its control.  If the corporation can obtain the information

from sources under its control, it may not avoid answering by alleging ignorance.").

---

[2] Defendants have failed to provide complete answers to Interrogatories Nos. 2, 3, 6, 7 and 10 (which seek information concerning the distribution of the "mandatory housekeeping gratuity and utility service fee") on the basis that such information is not in its "possession, custody, or control." Blankinship Decl. Exhibits 5 and 8 at pp. 7-10, 12-14, 16-17; Exhibits 6 and 7 at pp. 7-9, 11-13, 15-16.  Accordingly, Plaintiff requests that the Court compel complete responses to these Interrogatories.

The purpose of requiring defendants to produce documents and information in their "control" rather than just in their "possession" is to prevent defendants like those at bar from frustrating discovery. Thus, "[i]t is not unusual for documents in the possession of a third party, closely connected to the litigation, to be subject to a Rule 34 request. Absent such expanded scope of production, a third party with a substantial interest in the litigation may be allowed to frustrate the rules of discovery to the disadvantage of the party seeking production and, ultimately, of the court." Super Film of Am. v. UCB Films, 219 F.R.D. 649, 654 (D. Kan. 2004) (compelling production of documents from foreign corporate affiliate).

Therefore, the particular title of the "corporate relative involved does not matter, *i.e.*, whether it is a parent, sister, or subsidiary corporation." Steele Software, 237 F.R.D. at 564. Rather, "[c]ourts are able to disregard corporate form to prevent, among other things, 'misleading actions whereby corporations try to hide documents or make discovery of them difficult.'" Id. (citation omitted). As a result, "[n]umerous courts have addressed the concept of 'control' as between corporate entities; virtually all of the published decisions have required production by the nonparty corporation." Mt. Hawley Ins. Co. v. Felman Prod., Inc., 269 F.R.D. 609, 617 (S.D. W.Va. 2010).

In Steele Software, the court set forth several criteria to determine whether the requisite level of control was present including: (1) the corporate structure of the party/nonparty; (2) the nonparty's connection to the transaction at issue in the litigation; and (3) whether the related entities exchange documents in the ordinary course of business. Steele Software, 237 F.R.D. at 564. In addition, the degree to which a non-party affiliate will benefit from the outcome of the case is germane. Id.

Each of these factors favors granting Plaintiff's motion. Defendants are directly connected to Kerzner International, Kerzner Bahamas and Island Hotel; these entities are intimately involved with the transaction at issue, namely the collection and distribution of "mandatory housekeeping gratuities and utility service fees"; given that Kerzner Resorts and PIV transfer millions of dollars in such fees and charges to Island Hotel, and that Kerzner North America provides various services to its Bahamian sister and parent corporations, there can be no question that these entities exchange documents in the ordinary course of business; and Kerzner International, Kerzner Bahamas and Island Hotel will all benefit from the outcome of the litigation (namely avoiding a multi-million dollar judgment against their sister corporations). Applying the relevant factors set forth in Steele, Defendants plainly "control" information and documents in the physical possession of Kerzner International, Kerzner Bahamas, and Island Hotel, and they should be compelled to produce such information and documents.

II. **Defendants Should Be Compelled To Produce Documents And Information Possessed By Their Sister Companies Kerzner Bahamas And Island Hotel.**

A. **Kerzner Bahamas And Island Hotel Are Intimately Connected To Defendants In A Unified Corporate Structure.**

Courts have consistently held that "control" exists "where the party and its related nonparty affiliate are owned by the same individual." Steele Software, 237 F.R.D. at 564; see also Uniden America Corp., 181 F.R.D. at 305; Alimenta (U.S.A.), Inc. v. Anheuser-Busch Companies, Inc., 99 F.R.D. 309, 314 (N.D. Ga. 1983) (compelling production of documents in possession of non-party sister corporation); Perini America, Inc. v. Paper Converting Machine Company, 559 F. Supp. 552, 553 (E.D. Wis. 1983) (ordering plaintiff to produce documents in the possession of its foreign sister corporation).

The chart below summarizes the relationship between Defendants and Kerzner International, Kerzner Bahamas, and Island Hotel.



All of the Kerzner entities are ultimately owned by Kerzner Holdings, the President and CEO of which is Sol Kerzner.  Kerzner International, a wholly owned subsidiary of Kerzner Holdings, is, in turn, the parent company to Defendant Kerzner North America (which, in turn, is the owner of the other three Defendants) and Kerzner Bahamas (which, in turn, owns Island Hotel).[3]  As such, Defendants and Kerzner Bahamas and Island Hotel share the "common ownership" noted by the Steel Software court as "particularly important to the determination of control." Id., 237 F.R.D. at 564-65.

---

[3] See Defendants' Responses to Plaintiff's Interrogatory No. 12 (Blankinship Decl. Exhibits 5 and 8 at pp. 19-20; Exhibit 6 and 7 at pp. 18-19).  There is no question that Kerzner Bahamas and Island Hotel are wholly owned subsidiaries of Kerzner International.  In its Report on Form 20-F, the Annual and Transition Report of Foreign Private Issuers, which Kerzner International filed with the Securities and Exchange Commission on March 20, 2006, Kerzner International listed Kerzner North America, including all of its subsidiaries, as well as Kerzner Bahamas, as its subsidiaries.  Blankinship Decl. Exhibit 9.

It is also apparent that there are substantial financial and operational interactions between Defendants and their Bahamian counterparts. Defendants Kerzner Resorts and PIV state that they transfer the charges and fees ostensibly collected for housekeeping gratuities and utility payments to Island Hotel. See Defendants' Responses to Plaintiff's Interrogatories Nos. 3 and 6-8 (Blankinship Decl. Exhibits 5 and 8 at pp. 9-10, 12-15). It also stands to reason that the money PIV and Kerzner Resorts collect for room fees is transferred either to the Bahamian entities or to Kerzner International, which then uses those funds to pay Bahamian expenses. Thus, the companies from which Plaintiff is seeking discovery share commonality in their corporate structure and operations sufficient to require Defendants to produce all responsive documents in the possession, custody, or control of Kerzner Bahamas and Island Hotel. See, e.g. Appleton Papers Inc. v. George A. Whiting Paper Co., No. 08-16, 2009 WL 2408898, at *1 (E.D. Wis. July 31, 2009) (ordering production of documents from four affiliated companies where corporations were members of "a labyrinthine group of corporations" with a common parent); Alcan Int'l Ltd. v. S.A. Day Mfg. Co., 176 F.R.D. 75, 78 (W.D.N.Y. 1996) (compelling production where party and nonparty affiliate were "corporate members of a unified worldwide business entity . . . under common control.").

It is also apparent that Defendants, their parent Kerzner International and the Bahamian entities share, officers and directors, further indicating that Defendants are capable of collecting and producing documents and information from their corporate affiliates.

In a Form F-4 filed with the Securities and Exchange Commission by Defendant Kerzner North America and Kerzner International on November 23, 2005, Defendants Kerzner Resorts, and PIV, as well as non-parties Kerzner Bahamas and Island Hotel, are all listed as guarantors of Defendant Kerzner North America and Kerzner International, the registrants of the Form F-4.

Blankinship Decl. Exhibit 10 at p. 3.   As registrants and/or guarantors, each Defendant, as well as Kerzner International, Kerzner Bahamas, and Island Hotel, signed the Form F-4.   The signatories reveal the interlocking nature of the parties' relationship as of November 23, 2005. At that time, the Chief Financial Officer and Executive Vice President of Kerzner International, John R. Allison, was (1) the Chief Executive Officer, President, and Treasurer of Defendant Kerzner North America (Id. at 148); (2) the Chief Financial Officer, Executive Vice President of Finance, and Treasurer of Defendant Kerzner Marketing (Id. at 143); (3) the Executive Vice President of Finance of Defendant Kerzner Resorts (Id. at 150); and (4) the President of Defendant PIV (Id. at 189).

Furthermore, Richard Levine, general counsel of Kerzner International, was (1) Vice President and Director of Defendant Kerzner North American (Id. at 148); (2) Vice President, Director and Senior Executive Officer of Defendant Kernzer Marketing (Id. at 143); (3) Vice President of Defendant Kerzner Resorts (Id. at 150); and (4) Vice President and Director of Defendant PIV.   In addition, William Murtha, a signatory for Kerzner International, Kerzner Bahamas, and Island Hotel, with the title of "Authorized Representative in the United States" was (1) Senior Vice President, Corporate Counsel, Assistant Secretary, and Director of Defendant Kerzner North America (Id. at 148); (2) Secretary of Defendant Kerzner Marketing (Id. at 143); (3) Senior Vice President, Corporate Counsel, and Secretary of Defendant Kerzner Resorts (Id. at 150); and (4) Secretary of Defendant PIV (Id. at 189).   The Form F-4 also incorporates by reference numerous agreements between the Defendants and the non-party affiliates that demonstrate the significant degree to which their operations are intermingled.   Id.

Therefore, Plaintiff's motion to compel should be granted.

11

**B.      Kerzner Bahamas And Island Hotel
Are Directly Connected To The Transactions At
Issue And Exchange Documents With Defendants
In The Ordinary Course Of Business.**

Kerzner Bahamas and Island Hotel are directly connected to the transactions at issue here.  In response to Plaintiff's discovery requests relating to the "mandatory housekeeping gratuities and utility service fees," Defendants claimed that "such sums are transferred to the Island Hotel Company" or that they "distribute" the fee to Island Hotel.  See Defendants' Responses to Plaintiff's Interrogatories Nos. 3 and 6-8 (Blankinship Decl. Exhibits 5 and 8 at pp. 9-10, 12-15).   In addition, Defendants collectively provide various services for the Atlantis Resort, such as marketing and administrative services pursuant to at least three service agreements.  The first agreement is between Defendant Kerzner North America and Kerzner International, the second agreement is between Defendant Kerzner Resorts and Kerzner Bahamas, and the third agreement is between Defendant Kerzner North America and Kerzner Bahamas.[4]

Pursuant to these service agreements, Defendants provide major accounting services to Kerzner International, Kerzner Bahamas, and Island Hotel, including the preparation of accounts payable, accounts receivable, and account reconciliation reports, general ledgers, and other financial statements.   Blankinship Decl. Exhibits 11-13 at p. 5.   Defendants also deliver

---

[4] Blankinship Decl. Exhibit 11 is an agreement between Sun International North America, Inc. and Sun International Hotels Limited. Sun International North American, Inc. is now Defendant Kerzner North America, while Sun International Hotels Limited is now Kerzner International.  See Blankinship Decl. Exhibit 17.  Blankinship Decl. Exhibit 12 is an agreement between Sun International Resorts, Inc. and Sun International Bahamas Limited. Sun International Resorts, Inc. is now Defendant Kerzner Resorts and Sun International Bahamas Limited is now Kerzner Bahamas.  Id.  Blankinship Decl. Exhibit 13 is an agreement between Sun International North America, Inc. and Sun International Bahamas Limited.  Sun International North American, Inc. is now Defendant Kerzner North America and Sun International Bahamas Limited is now Kerzner Bahamas.  Id.  Defendants' confirmed the continued existence of these or similar agreements by their responses to Plaintiff's First Set of Interrogatories in which Defendants admit that Kerzner North America provides marketing and administrative services pursuant to a services agreement.  See Defendants' Responses to Plaintiff's Interrogatory No. 12 (Blankinship Decl. Exhibits 5 and 8 at pp. 19-20; Exhibit 6 and 7 at pp. 18-19).

accounting and reservation information to Kerzner International, Kerzner Bahamas, and Island Hotel on a daily basis via a dedicated data line connecting their respective computer systems. Blankinship Decl. Exhibit 14 at pp. 16-18.   In return for providing services to Kerzner International, Kerzner Bahamas, and Island Hotel, Defendants receive an "Annual Services Fee" based on a percentage of Atlantis revenue.  In 1999 the Annual Services Fee was approximately $13 million.  Blankinship Decl. Exhibit 15 at pp. 45-46.

Cooper Industries is particularly instructive.  In holding that the defendant was obligated to produce documents in the possession of an affiliated British company, the court there focused on the party's likely access to documents in the ordinary course of business.  Opining that "it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its usual business," the court held:

> The fact that the documents are situated in a foreign country does not bar their discovery. . . . Defendant cannot be allowed to shield crucial documents from discovery by parties with whom it has dealt in the United States merely by storing them with its affiliate abroad . . . if defendant could so easily evade discovery, every United States company would have a foreign affiliate for storing sensitive documents.

Id. at 920.  Given their established corporate and contractual connection to Kerzner Bahamas through which Defendants provide services as complex and document intensive as account reconciliation, and Defendants' regular transfer of money to Island Hotel, it is inconceivable that Defendants do not have access to and the ability to obtain documents and information in the possession of Kerzner Bahamas and Island Hotel.   Therefore, this Court should order their production of documents and information from these closely-related entities.  See e.g, Uniden America Corp., 181 F.R.D. at 307 (ordering production of documents from sister corporation where there was a "general collaboration of business interests and sharing of documents"); Alcan

Int'l Ltd., 176 F.R.D. at 79 (compelling production where party and nonparty had "regular contact").

Given (i) the commonality in the corporate structure of Defendants and Kerzner Bahamas and Island Hotel;  (ii) Kerzner Bahamas and Island Hotel's involvement in the distribution of the mandatory housekeeping gratuities and utility service fees; and (iii) the consistent exchange of documents between Defendants and Kerzner Bahamas and Island Hotel in their ordinary course of business, it is clear that Defendants have "control" over responsive documents in Kerzner Bahamas and Island Hotel's possession under Steele Software and related precedent.  Moreover, these entities, along with the rest of the Kerzner corporate family, stand to benefit should Defendants evade or limit their proper liability.  Therefore, Defendants should be required to produce responsive documents and information.

III.     **Defendants Should Be Compelled To Produce
         Documents And Information Held By Kerzner International.**

Defendants are all subsidiaries of Kerzner International.  Moreover, Kerzner International is also the parent company of Kerzner Bahamas and Island Hotel.  Kerzner International sits atop the complex web of corporations that own, operate, service, and/or control Atlantis Resorts. Moreover, on July 20, 2006, Kerzner International appointed Defendant Kerzner North America as its authorized agent for service of process for any lawsuits arising out of its going private transaction. Blankinship Decl. Exhibit 16.

Overwhelming authority holds that a subsidiary has access to and control over documents held by a foreign parent corporation, particularly when there is a close working relationship on a common transaction and the subsidiary could easily obtain the documents when it was in its interest to do so.  See e.g., In re Subpoena Duces Tecum to Ingeteam, Inc., No. 11-36, 2011 WL 3608407, at *1-2 (E.D. Wis. Aug. 16, 2011) (granting motion to compel production of

documents held by foreign parent); <u>Cooper Indus.</u>,102 F.R.D. at 920 (granting motion to compel materials held by corporate parent and holding that "[t]he fact that the documents are situated in a foreign country does not bar their discovery."); <u>Ferber</u>, 40 Fed. R. Serv. 2d 905 (granting motion to compel production of documents and answers to interrogatories that were in possession of corporate parent); <u>Flavel v. Svedala Indus., Inc.</u>, No. 92-1095, 1993 WL 580831, at *4-5 (E.D. Wis. Dec. 13, 1993) (granting motion to compel documents possessed by the defendant's parent).[5]

There is a close interrelationship between Defendants, their parent Kerzner International, and its Bahamian subsidiaries.[6]  Moreover, Kerzner International, like Kerzner Bahamas and Island Hotel, also has a direct connection to the transactions at issue.  Defendants and Kerzner International are parties to a service agreement through which Defendants are required to maintain Kerzner International's books and records and produce reports as required for Kerzner International's "internal management."  In order to perform these contractually obligated services for Kerzner International, Defendants must exchange documents with Kerzner International in the ordinary course of business.

Therefore, the Court should overrule Defendants' blanket objection to discovery of documents and information in the possession of Kerzner International based on their claimed lack of control.

---

[5] The fact that Kerzner International is only the direct parent of Defendant Kerzner North America, and the indirect parent of the other Defendants, is irrelevant.  <u>See</u> <u>In re Uranium Antitrust Litigation</u>, 480 F. Supp. 1138, 1152 (N.D. Ill. 1979) (existence of intermediate company is "wholly collateral" to the issue of control).

[6] To the extent that the Court finds that there are as yet insufficient indications that the corporate entities at issue here are sufficiently interconnected, or that Kerzner International is not as yet sufficiently connected to the "mandatory housekeeping gratuity and utility service fee," Plaintiff requests a brief opportunity to conduct targeted discovery on this narrow issue.

**IV.**    **The Court Should Award Expense-Shifting Sanctions.**

"The award of expenses and attorney's fees is the least severe of the sanctions authorized

by Rule 37." Hawkins v. Fulton County, 96 F.R.D. 416, 421 (N.D. Ga. 1982).  Rule 37(a)(5)(A),

entitled "Payment of Expenses," provides that:

> If the motion is granted – or if the disclosure or requested discovery is provided
> after the motion was filed – the court must, after giving an opportunity to be
> heard, require the party or deponent whose conduct necessitated the motion, the
> party or attorney advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's fees.

Under Rule 37(a), a finding of bad faith or willful misconduct is not required before the Court

can award attorneys' fees.  See Devaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th

Cir. 1993); see also Green v. Baca, 225 F.R.D. 612, 614 (C.D. Cal. 2005) ("Rule 37(a)(4)(A)

does not require a finding of 'bad faith' as a prerequisite to an award of 'reasonable expenses' to

the moving party.").    Indeed, numerous decisions award reasonable expenses, including

attorneys' fees, in like circumstances.  See, e.g., Bank of Mongolia v. M & P Global Financial

Serv., Inc., 258 F.R.D. 514, 522 (S.D. Fla. 2009) (awarding expenses under Rule 37 for

discovery failures); U & I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 677 (M.D. Fla.

2008) (imposing "[s]anctions of reasonable attorneys' fees and costs"); Gober v. City of

Leesburg, 197 F.R.D. 519, 520 (M.D. Fla. 2000) (same).

Plaintiff therefore respectfully requests that the Court award reasonable expenses,

including attorneys' fees, incurred in bring this motion.

## CONCLUSION

If the Court denies Plaintiff's motion to compel, Plaintiff will be forced to seek the same

relevant discovery directly from the Bahamian companies through letters rogatory or other

cumbersome procedures.  This process is very time-consuming and will no doubt lead to further

delay in the resolution of this action.  See Marks v. Alfa Group, 615 F. Supp. 2d 375, 378 (E.D. Pa. 2009) ("Letters rogatory are a time consuming, cumbersome process and should not be utilized unless there are no other options available . . . given the habitual time delays of up to a year or more in execution of the requests.") (quoting circular issued by the United States Department of State).

Plaintiff therefore respectfully requests that the Court grant her motion to compel in its entirety and (1) Order that Defendants provide all documents responsive to each of Plaintiff's document requests (except Number 13) within thirty (30) days of the issuance of such Order that are in the possession, custody, or control of Kerzner International, Kerzner Bahamas and Island Hotel; (2) Order that Defendants supplement their responses to Plaintiff's Interrogatories Nos. 2, 3, 6, 7 and 10 with information in the possession of Kerzner International, Kerzner Bahamas and Island Hotel within thirty (30) days of the issuance of such Order; (3) award Plaintiff, pursuant to Fed. R. Civ. P. 37, her expenses incurred in making this motion, including attorneys' fees; and (4) grant Plaintiff such other and further relief as the Court deems warranted.

## Local Rule 7.1(a)(3)(A) Certificate

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: September 27, 2011                     Respectfully submitted,

By: s/ Kevin B. Love
Kevin B. Love
Florida Bar No. 993948
**CRIDEN & LOVE, P.A.**
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
Tel: (305) 357-9000
Fax: (305) 357-9050
Email: klove@cridenlove.com

17

**MEISELMAN, DENLEA, PACKMAN,**
**CARTON & EBERZ, P.C.**
Jeffrey I. Carton (*pro hac vice)*
D. Greg Blankinship (*pro hac vice)*
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055
Emails: jcarton@mdpcelaw.com
          gblankinship@mdpcelaw.com

**<u>Certificate of Service</u>**

I hereby certify that on September 27, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>s/ Kevin B. Love</u>
Kevin B. Love