# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 11-cv-60663-WILLIAMS

JENNIFER COSTA, on behalf of herself and
others similarly situated,

      Plaintiff,

v.

KERZNER INTERNATIONAL RESORTS,
INC., KERZNER INTERNATIONAL NORTH
AMERICA, INC., KERZNER INTERNATIONAL
MARKETING, INC., AND PIV INC., D/B/A
DESTINATION ATLANTIS,

      Defendants.

_____/

## ORDER APPROVING PLAINTIFF'S UNOPPOSED MOTION
## FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This MATTER is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [D.E. 58]. Having reviewed the Motion, the Stipulation of Settlement, and the record in this case:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

### Preliminary Approval of Settlement Agreement

1.    The Court finds that the proposed settlement, as set forth in the Parties' Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement"), appears to be fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel. The Court therefore preliminarily approves the proposed Settlement.

## Class Certification

2.      The Court certifies, pursuant to Federal Rule of Civil Procedure 23(a) and

23(b)(3), a Settlement Class defined as:

> All persons in the United States and its territories who stayed at an Atlantis resort in the Bahamas and who pre-paid, on or after March 28, 2007, a "mandatory housekeeping gratuity and utility service fee" in advance of their stay, up and until September 14, 2011.  Excluded from the Settlement Class are any and all judges and justices assigned to hear any aspect of this Litigation.

3.      The Court finds that the preliminary certification of the Class is warranted

in light of the Settlement because: (a) the Class is so numerous that joinder is

impracticable; (b) Plaintiff's claims present common issues and are typical of the Class;

(c) Plaintiff and Class Counsel will fairly and adequately represent the Class; and (d)

common issues predominate over any individual issues affecting the members of the

Class.  The Court further finds that Plaintiff's interests are aligned with the interests of

all other members of the Class.  The Court also finds settlement of this action on a

class basis is superior to other means of resolving this matter.

4.      The Court appoints Plaintiff Jennifer Costa as Class Representative of the

Settlement Class.

5.      The Court appoints the law firm of Meiselman, Denlea, Packman, Carton

& Eberz P.C. as Class Counsel to the Settlement Class.

## Notice To Potential Class Members

6.      The Court approves the form and content of the proposed Class Notice

(attached to the Plaintiff's Motion) and approves the Parties' proposal to distribute the

Class Notice by e-mail and, if necessary, U.S. Mail as set forth in the Settlement Agreement. The Court also approves the Parties' proposal to give notice by Publication Notice (attached to the Plaintiff's Motion) one time on a day between Monday and Thursday of Defendants' choosing in the USA Today newspaper, national edition. The Parties shall also set up a settlement website and toll-free telephone number as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

7.    The Court approves the following schedule for dissemination of the Class Notice, requesting exclusion from the Settlement Class or objecting to the Settlement, submitting papers in connection with Final Approval, and the Final Approval Hearing, as follows:

| Within 15 days after entry of Order Preliminary Approving the Settlement | Defendants shall provide e-mail and mailing names and addresses of Class members to the Parties agreed-upon Settlement Administrator. |
|---|---|
| Within 30 days after entry of Order Preliminary Approving the Settlement | The Settlement Administrator shall mail the Class Notice to all class members by e-mail for all those class members for which the Settlement Administrator has e-mail addresses. The Settlement Administrator shall mail postcard notice to Class Members for whom Defendants do not have a valid e-mail address using those class members' last known mailing address. |
| Within 30 days after entry of Order Preliminary Approving the Settlement | The Settlement Administrator shall cause the Class Notice to be published one time on a day between Monday and Thursday of Defendants' choosing in the USA Today newspaper, national edition. |

| Within 45 days after mailing of Class Notice | Opt Out Date: Deadline for Settlement Class Members to opt out of Settlement.<br><br>Objection Date: Deadline for Settlement Class Members to object to terms of Settlement and to advise the parties and the Court of intent to appear at Final Approval Hearing. |
|---|---|
| No later than 30 days before Final Approval Hearing | Deadline for the Settlement Administrator to provide Class Counsel and Defendants' counsel with affidavit concerning mailing of Class Notice. |
| No later than 14 days before Final Approval Hearing | Counsel for Defendants shall serve on Class Counsel a list of all Class members who returned a timely Request For Exclusion (as described in the Class Notice). |
| No later than 14 days before Final Approval Hearing | Plaintiff shall file a motion for final approval of settlement, and responses to any objections. |
| July 30, 2012 | Final Approval Hearing |

### Claims Administration

8.     The Court approves Gilardi & Co. LLC as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

9.     As shall be described in the attached and approved Class Notice, any member may opt out of the Class by mailing a completed Request for Exclusion to the Settlement Administrator within 45 days after the date on which notice is mailed to the Class.  Persons or entities that request exclusion from the Class shall not be bound by any judgment.  The Request for Exclusion must be personally signed by the person requesting exclusion.  So-called "mass" or "class" opt outs shall not be permitted.

10.     Any potential member of the Class that does not properly and timely mail a Request for Exclusion shall be included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such class member shall have objected to the Settlement.

11.     Any objecting class member must include his or her name and address

4

and must state, in writing, all objections and the basis for any objection(s), and provide a statement whether the Objector intends to appear at the Final Approval Hearing, either with or without counsel.

### Fairness Hearing

12.     A Fairness Hearing is hereby scheduled to be held on July 30, 2012, at 10:00 a.m. before the undersigned at 400 North Miami Avenue, Miami, FL 33128, Courtroom 11-3, to consider the fairness, reasonableness and adequacy of the Settlement Agreement.

13.     Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) filed with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation upon Class Counsel.

14.     The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than which may be posted at the Court, on the Court's website and on Class Counsel's website.

**Other Provisions**

15.     In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement.   Moreover, in the event that the Settlement is terminated, the Court shall modify any existing scheduling order to ensure that the parties will have sufficient time to prepare for the resumption of litigation.

DONE AND ORDERED in Chambers in Miami, Florida, this _29_ day of March, 2012.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

6