UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JENNIFER COSTA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KERZNER INTERNATIONAL RESORTS, INC., KERZNER INTERNATIONAL NORTH AMERICA, INC., KERZNER INTERNATIONAL MARKETING, INC., AND PIV INC., D/B/A DESTINATION ATLANTIS,<br><br>Defendants. | CASE NO. 0:11-cv-60663-WILLIAMS |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

This MATTER is before the Court on the Plaintiff's Unopposed Motion for Final Approval of Class Settlement [D.E. 71]. Following a Preliminary Approval Order entered by this Court on March 29, 2012 [D.E. 59], this Court held a Final Approval Hearing on August 6, 2012 on the application of Plaintiff Jennifer Costa and Defendants Kerzner International Resorts, Inc., Kerzner International North America, Inc., Kerzner International Marketing Inc., and PIV Inc. d/b/a Destination Atlantis (collectively, "Kerzner" or "Defendants"), for final approval of the Stipulation and Agreement of Settlement executed on or about February 14, 2012 (the "Settlement"). Having considered the entire record in this case, including all of the papers filed, the legal authorities cited therein, and oral arguments presented,

**IT IS HEREBY ORDERED THAT:**

1.  For purposes of this Final Approval Order, the Court adopts all defined

terms as set forth in the Stipulation and Agreement of Settlement, previously filed with the Court, and the Stipulation and Agreement of Settlement is hereby incorporated with and made part of this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action, and over Defendants and all members of the Settlement Class.

3. For substantially the reasons set forth in the Court's Preliminary Approval Order, and for purposes of settlement only, the Court certifies the Settlement Class defined as follows:

> All persons in the United States and its territories who stayed at an Atlantis resort in the Bahamas and who pre-paid, on or after March 28, 2007, a "mandatory housekeeping gratuity and utility service fee" in advance of their stay, up and until September 14, 2011. Excluded from the Settlement Class are any and all judges and justices assigned to hear any aspect of this Litigation.

4. The Court appoints Jennifer Costa as Class Representative.

5. The Court appoints the law firms of Meiselman, Denlea, Packman, Carton & Eberz P.C. and Criden & Love, P.A., as Class Counsel.

6. The Court finds that notice of the pendency of this Action as a class action, and of the proposed Settlement, was given to all Settlement Class members by the best means practicable under the circumstances, including mailed notice both by e-mail and U.S. mail, and publication notice in the national edition of USA Today during the class notice period and through the maintenance of a publicly available website www.atlantisclass.com. The form and method of notifying the Settlement Class fairly, fully, accurately and adequately advised Settlement Class members of all relevant and

material information concerning the pendency of the Action and all terms of the proposed Settlement and fully satisfied the requirements of due process and any other applicable law. The Court finds that the appropriate state and federal officials were properly and timely notified of the Settlement, pursuant to 28 U.S.C. § 1715. The Court has reviewed the Class Action Fairness Act ("CAFA") notices and supplemental notices, and finds that they complied with applicable requirements.

7. The Settlement was negotiated at arm's length, in good faith, by highly capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. The Settlement was entered into as the result of a process that was procedurally fair.

8. The Settlement confers a benefit on Atlantis customers in that it requires the Defendants to change the description of a gratuity fee that was potentially deceptive. Specifically, the Defendants have agreed to remove the word "housekeeping" from their "mandatory housekeeping gratuity," because a portion of that gratuity may have been passed through to non-housekeeping employees. This injunctive relief ensures that there will be no deception moving forward. For this reason, the Court finds that the Settlement is in the public interest, and it will also provide the Parties with repose from this costly litigation.

However, the Court finds that the Settlement's benefits have an obvious shortcoming. Class counsel commenced this action under the belief that the Defendants were retaining a portion of the gratuity for their own benefit. That belief turned out to be incorrect, as discovery revealed that the gratuity was in fact being passed through to resort employees. Moreover, the Plaintiffs acknowledge that only a

3

small portion of that gratuity may have gone to employees who were not housekeepers. Thus, rather than addressing a massive corporate fraud, the Settlement instead remedies only a minor deception, and it has done so through the removal of a single word from a gratuity description. In this respect, it remains unclear exactly what adverse effect (if any) the "mandatory housekeeping gratuity" actually had on Atlantis customers, and the record before the Court does not demonstrate that this deceptive characterization of a mandatory gratuity was one that particularly troubled consumers. Finally, the Settlement's injunctive relief will benefit only the Class members who intend to return to Atlantis; those who do not intend to return will not meaningfully benefit from the Settlement, since it does not compensate them for any portion of their gratuity that may have gone to non-housekeepers.

9. The Court hereby finds that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and therefore approves the Settlement and Orders that the Settlement be consummated in accordance with the terms of the Stipulation. Specifically, the Court finds that final approval of the Settlement is warranted in light of the following factors:

   i. The strength of Plaintiff's case and likelihood of success at trial;
   ii. The range of possible recovery;
   iii. The benefits associated with the settlement;
   iv. The risk, expense, complexity, and likely duration of litigation;
   v. The reaction of the class members to the proposed settlement; and

vi. The extent of discovery completed and stage of the proceedings.

10. The persons who have validly requested exclusion from the Settlement Class are not members of the Settlement Class and shall have no rights or interest with respect to the Settlement and shall not be bound by any orders or judgments entered in respect to the Settlement. A list of those persons who have validly requested exclusion from the Settlement Class is attached hereto as Exhibit A.

11. All objections to the Settlement have been considered. All objections are overruled and denied, except as they relate to the amount of the fee requested.

12. The Court has considered Class counsel's request for an award of $450,000.00 in attorneys' fees, as well as the supplemental letter submitted following the Final Approval Hearing [D.E. 74]. As to that request, the Court recognizes that: Class counsel has prosecuted this action with skill and zeal; the Defendants have agreed to pay the fee, provided it does not exceed the requested amount; the fee will not diminish any benefit to the Settlement Class, as those benefits are non-pecuniary; the fee was negotiated at arms length by sophisticated counsel, each with competing interests in setting the fee cap; and the requested amount is slightly less than the total amount of fees and costs incurred by Class counsel.

Notwithstanding these considerations, the Court finds that the requested fee is disproportionate to the benefits achieved by this litigation. As explained above in paragraph 8, Class counsel commenced this action in an effort to remedy a massive corporate fraud. That fraud turned out to be non-existent. Instead, Class counsel discovered only that a small portion of the "mandatory housekeeping gratuity" may have

gone to non-housekeeping employees. The Defendants agreed to remedy this potential deception by removing the word "housekeeping" from the description of the gratuity. While this injunctive relief does provide some benefit to prospective Atlantis customers, the Court finds that this benefit is modest and does not justify the fee amount requested by Class counsel.

The Court applauds Class counsel's efforts to combat consumer fraud, and the Court is cognizant that attorney's fees are necessary to incentivize such litigation. However, Class counsel candidly acknowledges that it undertook this lawsuit with the understanding that it was novel and risky. Ultimately, the case did not develop as expected, and Class counsel should bear some loss for that. Were this Court to award the fee requested, it would remove the business risk inherent in this type of litigation—*i.e.*, the market forces referred to by Class counsel—which serve to encourage lawsuits that have merit and deter those that do not. The Court is especially reluctant to reward Class counsel's (largely unsuccessful) risk in this case given that the benefits to the Class are not merely non-pecuniary but also otherwise inconsiderable. Indeed, when this litigation is examined as a whole, the Court cannot help but observe that the substantial legal fees incurred resulted in little more than the removal of a single word from a gratuity description.

For these reasons, and having considered the entire record in this case, the Court concludes that the requested fee amount of $450,000 is unreasonable. In so concluding, the Court takes note of the following language in a decision cited by Class counsel: "To quantify an appropriate fee award, this Court evaluates the qualitative importance of the disclosures obtained. In past settlements, this Court has often

awarded fees of approximately $400,000 to $500,000 for one or two meaningful disclosures . . . . Disclosures of questionable quality have yielded much lower awards." *In re Celera Corp. Shareholder Litig.*, 2012 WL 1020471, at *32 (Del. Ch., March 23, 2012) (citation, footnote, and alteration omitted); [D.E. 74 at 2]. In this case, the Court finds that a fee in the amount of $300,000 is more commensurate with the modest benefits achieved by this litigation. This figure also incorporates the risk of loss that should be borne by Class counsel. At the same time, this fee is balanced and buoyed by the factors described in the beginning of this numbered paragraph. While Class counsel will likely disapprove of this reduced fee, it should be remembered that in many cases such as this, where the plaintiff receives no monetary recovery, counsel hired on a contingency fee basis would not receive any fee at all. The Court directs the Defendants to pay the fee of $300,00.00 to Class counsel within ten (10) business days after the Judgment becomes Final.

13. The Court has considered the request for an Incentive Award for the Class Representative. The Court finds the requested Incentive Award to be justified under the facts of this case and the applicable legal authorities. Accordingly, the Court hereby approves the Incentive Award of $2,000.00 to Ms. Costa and directs Defendants to pay that amount to Ms. Costa within ten (10) business days after the Judgment becomes Final.

14. The Court hereby dismisses the Action in its entirety, with prejudice, and without costs except as otherwise provided in the Stipulation and Agreement of Settlement and expressly stated in this Final Approval Order.

15. As provided in the Stipulation and Agreement of Settlement, all

Settlement Class Members who did not properly request exclusion are hereby permanently barred and enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims, or any of them, against the Released Parties, or any of them.

16.     Notwithstanding the entry of Judgment, this Court shall retain exclusive and continuing jurisdiction and exclusive venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

17.     If the Judgment of this Court does not become Final and Conclusive, this Final Approval Order shall be rendered null and void, and shall be vacated *nunc pro tunc*. Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement, including seeking approval of the settlement and class certification: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim of the Class Representative or any Settlement Class Member, or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, fault, omission or liability of Defendants or the Released Parties, or any of them, in any proceeding in any court, administrative agency or other tribunal, except that the Released Parties, or any of them, may file the Stipulation or the Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith, settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Nothing in this paragraph shall preclude any party to

the Settlement Agreement from using the Stipulation and Agreement of Settlement, the Judgment or any act performed or document executed pursuant to the Stipulation and Agreement of Settlement in a proceeding to consummate, monitor or enforce the Stipulation and Agreement of Settlement, the terms of the settlement or the Judgment.

18. This Action is hereby dismissed with prejudice and, except as provided herein, without costs. The Clerk is directed to **CLOSE** this case.

DONE AND ORDERED in Chambers in Miami, Florida, this ___ day of August, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

| | First Name | Last Name |
|---|---|---|
| 1. | DIANA | BERTSCH |
| 2. | LAURA | BONO |
| 3. | VINCENT | BONO |
| 4. | KATARINA | BRKIC |
| 5. | KAREN | CHERECK |
| 6. | ADRIANA | CUPELLO |
| 7. | KAREN | DOBBS |
| 8. | QIANA | DRAKE |
| 9. | DAWN | FINGALL |
| 10. | MARC | GANZI |
| 11. | MELISSA | GANZI |
| 12. | NICK | GIARELLI |
| 13. | EDNA | GOICOCHEA |
| 14. | GLENN | GORELICK |
| 15. | LULA L | GRISHAM |
| 16. | SCOTT | HAAS |
| 17. | JENNIE | HASTINGS |
| 18. | ELVA | HONE |
| 19. | BRADFORD | JACOB |
| 20. | ANN | KAMPETER |
| 21. | NATHANIEL | KELSEY |
| 22. | STEVEN | LAABS |
| 23. | RANDI | LANDRY |
| 24. | BILL | LARDIE |
| 25. | LINDA | LARDIE |
| 26. | MARSHA | LIGHTSEY |
| 27. | LINDA | MADER |
| 28. | SUSAN | MATULA |
| 29. | BLAIR | MONROE |
| 30. | LYNN | MORAN |
| 31. | RAJESHWARI | MURTHY |
| 32. | MICHAEL | OMEARA |
| 33. | MIKA | OSHIMA |
| 34. | TOMOKO | OSHIMA |
| 35. | RICHARD | PROUT |
| 36. | MARK | RHEKER |
| 37. | RALPH | SAMBAT |
| 38. | PAUL | SCHROEDER |
| 39. | ANNETTE | SCHROEDER |
| 40. | JAIMEE | SPECTOR |
| 41. | JOANNE | TEODOSIO |
| 42. | VINCENT | TEODOSIO |

43. JESSICA         VARGAS
44. JOHN            VONO
45. DOROTHY         VONO
46. DAWN            WALTHER
47. MICHAEL         WALTHER
48. PATRICIAHELEN   WELCH
49. SHELLY          WHITLEY
50. TODD            WISELEY